# United States District Court

For the _____ District of _____

In re

*SUNGATE DEVELOPMENT CO.*

Bankruptcy No. *B-78-27*

*Bankrupt* *

## PROOF OF CLAIM FOR
## WAGES, SALARY, OR COMMISSIONS

1. The bankrupt owes the claimant        $

computed as follows:

(a) wages, salary, or commissions for services

performed from  *Dec 7-14.    44*        *345.00*

to  *Dec 15-16    16*        *120.00*

*Hours*

at the following rate or rates of compensation
*$7.50 per Hour.*        $

**FILED**
*8:00 am*
JAN 1 3 1978

[*if appropriate*] (b) allowances and benefits,

such as vacation and severance pay [*specify*]

WILLIAM A. SCANLAND
Bankruptcy Judge
United States District Court

$

Total amount claimed        $    *465.00*

2. The claimant demands priority to the extent permitted by § 64a (2) of the Bankruptcy Act.

3. The claimant has received no payment, no security, and no check or other evidence of this

debt except as follows:

Dated: *Jan 11, 1978*

Signed: *Edward H. Vosper*
                    Claimant

Social Security Number: *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*

Address: *1501 N. VENICE (SPACE #440)*
*TUCSON, ARIZONA, 85712*

*Penalty for Presenting Fraudulent Claim.*—Fine of not more than $5,000 or imprisonment for
not more than 5 years or both—Title 18, U.S.C., § 152.

* Include all names used by bankrupt within last 6 years.

FPI·MI—10·26·73·100M·1324

# United States District Court

For the _____ District of __ARIZONA__

In re

SUNGATE DEVELOPMENT

Bankruptcy No. __B-78-27__

*Bankrupt* *

## PROOF OF CLAIM FOR
## WAGES, SALARY, OR COMMISSIONS

1. The bankrupt owes the claimant George Marshall     $ 326.25
computed as follows:

(a) <u>wages</u>, salary, or commissions for services

performed from 12/5/77

to     12/15/77

at the following rate or rates of compensation

$7.50 per hour     $

**FILED**

JAN 1 6 1978

WILLIAM A. SCANLAND
Bankruptcy JUDGE
United States District Court
District

*[if appropriate]* (b) allowances and benefits,

such as vacation and severance pay *[specify]*

$

Total amount claimed     $ 326.25

2. The claimant demands priority to the extent permitted by § 64a (2) of the Bankruptcy Act.

3. The claimant has received no payment, no security, and no check or other evidence of this
debt except as follows:

Dated: 1/13/78

Signed: *George Marshall*
             Claimant

Social Security Number:   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

Address:   3035 W. Sahara
           Tucson, AZ 85705

*Penalty for Presenting Fraudulent Claim.*—Fine of not more than $5,000 or imprisonment for
not more than 5 years or both—Title 18, U.S.C., § 152.

* *Include all names used by bankrupt within last 6 years.*

FPI-MI—10-26-73-100M-1324

5

B.O.F. 16

# United States District Court

FILED
JAN 30  4 42 PM '78

VIRGINIA L. FRITZ
CHIEF CLERK
US BANKRUPTCY COURT
BY _____
DEPUTY CLERK

For the _____ District of _____

In re

    _Sungate Development Corp._

Bankruptcy No. _78-27_

_Bankrupt *_

## PROOF OF CLAIM FOR
## WAGES, SALARY, OR COMMISSIONS

1. The bankrupt owes the claimant      $ _104.00_

computed as follows:

    (a) wages, salary, or commissions for services

performed from _Dec 7th 1978 (8hrs)_

to      _Dec 8 1978 (8hrs)_

at the following rate or rates of compensation

    $ _6.50/hr_

    [_if appropriate_] (b) allowances and benefits,

such as vacation and severance pay [_specify_]

    $

    Total amount claimed      $ _104.00_

2. The claimant demands priority to the extent permitted by § 64a (2) of the Bankruptcy Act.

3. The claimant has received no payment, no security, and no check or other evidence of this debt except as follows:

Dated: _1/30/78_

Signed: _Robert Creighton_
                          _Claimant_

Social Security Number: _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_

Address: _4425 E Pima St.  Tucson, AZ 85712_

---

_Penalty for Presenting Fraudulent Claim._—Fine of not more than $5,000 or imprisonment for not more than 5 years or both—Title 18, U.S.C., § 152.

---



# United States District Court

FILED

JAN 30  10 59 AM '78

MICHAEL C. FRITZ
CHIEF CLERK
US BANKRUPTCY COURT
BY _____
DEPUTY CLERK

For the _____ District of _Arizona_

In re
_Sungate Development Corporation_

Bankruptcy No. _B-78-27-Tuc_

Bankrupt *
_Employer I.D. # 86-0265928_

## PROOF OF CLAIM FOR
## WAGES, SALARY, OR COMMISSIONS

1. The bankrupt owes the claimant                    $ _360.00_

computed as follows:

    (a) wages, salary, or commissions for services

performed from

to

at the following rate or rates of compensation

_40 hrs._
_9.00 per hr._
$ _360.00_

    [*if appropriate*] (b) allowances and benefits,

such as vacation and severance pay [*specify*]

$

Total amount claimed                    $ _360.00_

2. The claimant demands priority to the extent permitted by § 64a (2) of the Bankruptcy Act.

3. The claimant has received no payment, no security, and no check or other evidence of this

debt except as follows:

Dated: _1-30-78_

Signed: _Junior Smith_
Claimant

Social Security Number: _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_

Address: _3401 S. Belmar St. Tucson, Az_

*Penalty for Presenting Fraudulent Claim.*—Fine of not more than $5,000 or imprisonment for
not more than 5 years or both—Title 18, U.S.C., § 152.

* Include all names used by bankrupt within last 6 years.

FPI-M1—10-26-73-100M-1324

25

# United States District Court

For the _____ District of _____

In re

Bankruptcy No. ___ 5-28-27

Bankrupt *

Sungate Development

## PROOF OF CLAIM FOR
## WAGES, SALARY, OR COMMISSIONS

1. The bankrupt owes the claimant     $ 328.50

computed as follows:

(a) (wages,) salary, or commissions for services

**FILED**

performed from  12-7-77

**FEB - 6 1978**

to  12-13-77

at the following rate or rates of compensation

WILLIAM A. SCANLAND
Bankruptcy Judge
United States District Co..
the District of

36 1/2 hr @ $9.00/hr          $ 328.50

[if appropriate] (b)   allowances and benefits,

such as vacation and severance pay [specify]

$

Total amount claimed          $

2. The claimant demands priority to the extent permitted by § 64a (2) of the Bankruptcy Act.

3. The claimant has received no payment, no security, and no check or other evidence of this

debt except as follows:

Dated: 2-1-78

Signed: Wm T Forshuell
                          Claimant

Social Security Number: 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

Address: 3619 E Bellevue

---

*Penalty for Presenting Fraudulent Claim.*—Fine of not more than $5,000 or imprisonment for not more than 5 years or both—Title 18, U.S.C., § 152.

* Include all names used by bankrupt within last 6 years.

FPI-MI—10-26-73-100M-1324

37

# United States District Court

FILED

FEB 6 | 12 PM '78

~~VERNON E. FRITZ~~
~~US BANKRUPTCY COURT~~
BY _____ DEPUTY CLERK

For the _____ District of _____

In re

SONGATE DEVELOPMENT CORP.

Bankruptcy No. B - 78 - 27 - Tu c

*Bankrupt* *

## PROOF OF CLAIM FOR
## WAGES, SALARY, OR COMMISSIONS

1.  The bankrupt owes the claimant                    $240.00

computed as follows:

(a) wages, salary, or commissions for services

performed from DEC 7, 1977

to DEC 13, 1977

at the following rate or rates of compensation

40 HRS @ $6.00 PER HR.        $240.00

[*if appropriate*] (b)  allowances and benefits,

such as vacation and severance pay [*specify*]

$

Total amount claimed                    $ 240.00

2.  The claimant demands priority to the extent permitted by § 64a (2) of the Bankruptcy Act.

3.  The claimant has received no payment, no security, and no check or other evidence of this

debt except as follows:

Dated: 2/5/78

Signed: _____
                    *Claimant*

Social Security Number: 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

Address: 1528 E. BERNARD
            TUCSON, ARIZ 85714

*Penalty for Presenting Fraudulent Claim.*—Fine of not more than $5,000 or imprisonment for not more than 5 years or both—Title 18, U.S.C., § 152.

* *Include all names used by bankrupt within last 6 years.*

FPI·MI—10·26·73·100M·1324

H1

# United States District Court

For the _U. S. Bankruptcy_ District of _ARIZ._
_Court_

In re _Ronald Culbertson_

Bankruptcy No. _B-78-27-Tuc_

Bankrupt * _Sungate Dev. Corp,_

_Employer I.D. # 86-0265928_

**FILED**

## PROOF OF CLAIM FOR
## WAGES, SALARY, OR COMMISSIONS

**FEB 23 1978**

WILLIAM A. SCANLAND
Bankruptcy Judge
United States District Court
For the District of Arizona

1.  The bankrupt owes the claimant

$ _152.00_

computed as follows:

(a) wages, salary, or commissions for services

performed from _12-7-77 & 12-8-78_

to

at the following rate or rates of compensation _$9.50 x 16 hrs_

$ _152.00_

[_if appropriate_] (b) allowances and benefits,

such as vacation and severance pay [_specify_]

$

Total amount claimed $ _152.00_

2.  The claimant demands priority to the extent permitted by § 64a (2) of the Bankruptcy Act.

3.  The claimant has received no payment, no security, and no check or other evidence of this

debt except as follows:

Dated: _2-20-78_

Signed: _Ronald Culbertson_
_Claimant_

Social Security Number: _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_

Address: _3201 E. Seneca #231,_
_Tucson Az. 85716_

---

_Penalty for Presenting Fraudulent Claim._—Fine of not more than $5,000 or imprisonment for not more than 5 years or both—Title 18, U.S.C., § 152.

---

* Include all names used by bankrupt within last 6 years.

FPI-MI—3-12-74-100M-1874

# United States District Court

For the *U.S. Bankruptcy* District of *Ariz*

In re *Mike Bell*

Bankruptcy No. *B-78-27-Tuc.*

Bankrupt *
*Sungate Devl.*

I.D. #86-0265928 **PROOF OF CLAIM FOR WAGES, SALARY, OR COMMISSIONS**

**FILED**

**FEB 23 1978**

WILLIAM A. SCANLAND
Bankruptcy Judge
United States District Court
For the District of Arizona

1. The bankrupt owes the claimant $ computed as follows:

(a) wages, salary, or commissions for services performed from *12-9*
to *12-16*

$ *400 00*

at the following rate or rates of compensation

$ *400 00 wk Salary.*

[*if appropriate*] (b) allowances and benefits, such as vacation and severance pay [*specify*]

$

Total amount claimed $ *400 00*

2. The claimant demands priority to the extent permitted by § 64a (2) of the Bankruptcy Act.

3. The claimant has received no payment, no security, and no check or other evidence of this debt except as follows:

Dated: *2-20-78*

Signed: *Mike Bell*
Claimant

Social Security Number: *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*

Address: *3201 E. Seneca #231.*
*Tucson 85716*

*Penalty for Presenting Fraudulent Claim.*—Fine of not more than $5,000 or imprisonment for not more than 5 years or both—Title 18, U.S.C., § 152.

* Include all names used by bankrupt within last 6 years.

TPI WI—3-12-74-100M-1874

FILED

# United States District Court

FEB 28 '78

VICTOR I. FRITZ
CHIEF CLERK
US BANKRUPTCY COURT
BY _____
DEPUTY CLERK

For the _____ District of _____

In re

Bankrupt * SUNGATE DEVELOPMENT CORP.
EMPLOYER ID # 86-0265928

Bankruptcy No. 78-27

## PROOF OF CLAIM FOR
## WAGES, SALARY, OR COMMISSIONS

1.  The bankrupt owes the claimant                          $276 00

computed as follows:

   (a) wages, salary, or commissions for services

performed from                                    DEC. 12

to                                                DEC. 21    , 1977

at the following rate or rates of compensation  $4 00  PER HOUR, FOR 69 HOURS

$

   [*if appropriate*] (b)  allowances and benefits,

such as vacation and severance pay [*specify*]

$

   Total amount claimed                          $ 276 00

2.  The claimant demands priority to the extent permitted by § 64a (2) of the Bankruptcy Act.

3.  The claimant has received no payment, no security, and no check or other evidence of this

debt except as follows:

Dated: 2/28/78

Signed: _Ivan Rajala_
                               Claimant

Social Security Number: 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

   Address: 842 W. MILTON    TUCSON, AZ. 85706

---

*Penalty for Presenting Fraudulent Claim.*—Fine of not more than $5,000 or imprisonment for
not more than 5 years or both—Title 18, U.S.C., § 152.

---

* *Include all names used by bankrupt within last 6 years.*

FPI-MI—3-12-74-100M 1874



# United States District Court

For the _Bankruptcy_ District of _Arizona_

In re _Syngate Development Corp._

Bankruptcy No. _B-78-27T4C_

**FILED**

MAR 3 1978

WILLIAM A. SCANLAND
Bankruptcy Judge
United States District Court
For the District of Arizona

Bankrupt *

_Employer I.D #_
_86-0265928_

## PROOF OF CLAIM FOR
## WAGES, SALARY, OR COMMISSIONS

1. The bankrupt owes the claimant                    $ _64.00_

computed as follows:

    (a) wages, salary, or commissions for services

performed from _12/7/77_

to _12/8/77_

at the following rate or rates of compensation

_for 16 hrs. work_                    $ _4.00 per hr_

    [_if appropriate_] (b)   allowances and benefits,

such as vacation and severance pay [_specify_]

                                      $

    Total amount claimed                    $ _64.00_

2. The claimant demands priority to the extent permitted by § 64a (2) of the Bankruptcy Act.

3. The claimant has received no payment, no security, and no check or other evidence of this

debt except as follows:

Dated: _3/5/78_

Signed: _James K Collins_
                            Claimant

Social Security Number: _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_

    Address: _826 w Paris Promenade_
                _Tucson, AZ 85705_

_Penalty for Presenting Fraudulent Claim._—Fine of not more than $5,000 or imprisonment for not more than 5 years or both—Title 18, U.S.C., § 152.

   * Include all names used by bankrupt within last 6 years.


95

B.O.F. 15 (Rev. 3-74)

# United States District Court

For the _Bankruptcy_ District of _Arizona_

In re

Bankruptcy No. _B-78-27-748_

Bankrupt *_Employee I.D 86-026528_

## PROOF OF CLAIM

1. [*If claimant is an individual claiming for himself*] The undersigned, who is the claimant herein, resides at **
_2525 E. Towser St. Tucson, Ariz. 85716_

[*If claimant is a partnership claiming through a member*] The undersigned, who resides at **

is a member of                                                                                          , a partnership,

composed of the undersigned and

of **                                                                                              , and

doing business at **

and is authorized to make this proof of claim on behalf of the partnership.

[*If claimant is a corporation claiming through an authorized officer*] The undersigned, who resides at **

is the                                              of

a corporation organized under the laws of

and doing business at **

and is authorized to make this proof of claim on behalf of the corporation.

[*If claim is made by agent*] The undersigned, who resides at **

, is the agent of

, of **                                                                                           , and is

authorized to make this proof of claim on behalf of the claimant.

2. The bankrupt was, at the time of the filing of the petition initiating this case, and still is indebted [*or liable*] to this claimant, in the sum of $_300 °°_

3. The consideration for this debt [*or ground of liability*] is as follows:
_12 days of acting make lower_

4. [*If the claim is founded on writing*] The writing on which this claim is founded (or a duplicate thereof) is attached hereto [*or cannot be attached for the reason set forth in the statement attached hereto*].

5. [*If appropriate*] This claim is founded on an open account, which became [*or will become*] due on
, as shown by the itemized statement attached hereto.

Unless it is attached hereto or its absence is explained in an attached statement, no note or other negotiable instrument has been received for the account or any part of it.

6. No judgment has been rendered on the claim except

7. The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8. This claim is not subject to any setoff or counterclaim except

9. No security interest is held for this claim except

[*If security interest in property of the debtor is claimed*] The undersigned claims the security interest under the writing referred to in paragraph 4 hereof [*or under a separate writing which (or a duplicate of which) is attached hereto, or under a separate writing which cannot be attached hereto for the reason set forth in the statement attached hereto*]. Evidence of perfection of such security interest is also attached hereto.

10. This claim is a general unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim. [*If priority is claimed, state the amount and basis thereof.*]

11. This claim is filed as a (n) (Unsecured)
(Secured) CLAIM.
(Priority ✓)

$ _____300 °°_____
Total Amount Claimed

Claim Number
(For Office Use Only)

Name of Creditor: _Elizabeth Ann Guthrie_
(*Print or Type Full Name of Creditor*)

Dated:

Signed: _Elizabeth Ann Guthrie_

*Penalty for Presenting Fraudulent Claim*. Fine of not more than $5,000 or imprisonment for not more than 5 years or both—Title 18, U.S.C., § 152.

\* Include all names used by bankrupt within last 6 years.
\*\* State post office address.

FPI-MI—3-14-75-500M-948



# United States District Court

For the _____ District of __ARIZONA_____

In re

SUNGATE DEVELOPMENT CORPORATION,
AN ARIZONA CORPORATION

Bankruptcy No. __B_-_78_-_027_-_TUC__

Bankrupt *

## PROOF OF CLAIM FOR
## WAGES, SALARY, OR COMMISSIONS

1. The bankrupt owes the claimant            $ 207.73

computed as follows :

   (a) wages, salary, or commissions for services

performed from   December 7

to December 15

at the following rate or rates of compensation
$150.00/week before taxes
$121.80/week after taxes   $24.36/day            $170.52
One week + two days = 170.52
   [*if appropriate*] (b)   allowances and benefits,

such as vacation and severance pay [*specify*]

F I L E D

MAR 3 1 1978

WILLIAM A. SCANLAND
Bankruptcy Judge
United States District Court
y District of Ariz

   MILEAGE = $37.21            $37.21

   Total amount claimed            $207.73

2. The claimant demands priority to the extent permitted by § 64a (2) of the Bankruptcy Act.

3. The claimant has received no payment, no security, and no check or other evidence of this

debt except as follows:    N/A

Dated:   March 29, 1978            Marilyn J. Christo (Executive Secretary)

   Signed: *Marilyn J. Christo*
                Claimant

Social Security Number: 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

   Address: 4611 N. Camino Aire Fresco,  Tucson , Arizona 85705

4611 N. Camino Aire Fresco, Tucson, Arizona  85705

*Penalty for Presenting Fraudulent Claim.*—Fine of not more than $5,000 or imprisonment for
not more than 5 years or both—Title 18, U.S.C., § 152.

* *Include all names used by bankrupt within last 6 years.*

FPI-MI—7-19-73-50M-674



# United States District Court

For the _____ District of _____

In re

Sungate Development Corp.

Bankruptcy No. B-78-27-TUC

*Bankrupt* *

## PROOF OF CLAIM FOR
## WAGES, SALARY, OR COMMISSIONS

1. The bankrupt owes the claimant $164.25

computed as follows:

(a) wages, salary, or commissions for services

performed from 12/12/77

to 12/16/77

at the following rate or rates of compensation

36.5 HOURS @ $4.50 PER HOUR          $ 164.25

*[if appropriate]* (b) allowances and benefits,

such as vacation and severance pay *[specify]*

FILED

MAY 26 1978

WILLIAM A. SCANLAND
Bankruptcy Judge
United States District Court

$ -0-

Total amount claimed          $164.25

2. The claimant demands priority to the extent permitted by § 64a (2) of the Bankruptcy Act.

3. The claimant has received no payment, no security, and no check or other evidence of this

debt except as follows:

Dated: 5/13/78

Signed: Jeffery H. Fry

*Claimant*

Social Security Number: 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

Address: 2533 N Walnut

Tucson, Az 85712

*Penalty for Presenting Fraudulent Claim.*—Fine of not more than $5,000 or imprisonment for
not more than 5 years or both—Title 18, U.S.C., § 152.

* *Include all names used by bankrupt within last 6 years.*

FPI-NI—3-12-74-100M-1874

161

# United States District Court

**FILED**

JAN 11  9 59 AM '78

VIRGIL L. FRITZ
CLERK
US BANKRUPTCY COURT

BY _____
DEPUTY CLERK

For the _____ District of ARIZONA

In re  SUNGATE DEVELOPMENT CORP.

Bankruptcy No. _7827_

Bankrupt * SUNGATE DEVELOPMENT CORP.

EDWARD A. MOORE, PRESIDENT.

## PROOF OF CLAIM FOR
## WAGES, SALARY, OR COMMISSIONS

1. The bankrupt owes the claimant              $876.25

computed as follows:

    (a) wages, salary, or commissions for services

performed from DEC. 7, 1977

to DEC 15, 1977

at the following rate or rates of compensation
$300.00 PER WEEK SALARY
(1 WEEK + 2 DAYS) 7 DAYS UNPAID = $420.00

    [if appropriate] (b) allowances and benefits,

such as vacation and severance pay [specify]
UNREIMBURSED VACATION PAY — $420.00
UNREIMBURSED GAS MILEAGE — 36.25
SUBTOTAL — $456.25

    Total amount claimed              $876.25

2. The claimant demands priority to the extent permitted by § 64a (2) of the Bankruptcy Act.

3. The claimant has received no payment, no security, and no check or other evidence of this

debt except as follows:

Dated: D JAN. 10, 1978

Signed: *Frank A. Grana*
                Claimant

Social Security Number: 087 - 40 - 6471

    Address: 3401 E. GLENN
          TUCSON AZ 85716

---

*Penalty for Presenting Fraudulent Claim.*—Fine of not more than $5,000 or imprisonment for not more than 5 years or both—Title 18, U.S.C., § 152.

    * Include all names used by bankrupt within last 6 years.

FPI-MI—10-26-73-100M-1324

# United States District Court

For the _____ District of _____ ARIZONA _____

In re

    SUNGATE DEVELOPMENT CORP.

*Bankrupt* *

Bankruptcy No. _B-78-27-TUC____

## PROOF OF CLAIM

1. [*If claimant is an individual claiming for himself*] The undersigned, who is the claimant herein, resides at **
*1312 CONDESA SEGUNDA, TUCSON ARIZ, 85718* .
[*If claimant is a partnership claiming through a member*] The undersigned, who resides at **

is a member of                                               , a partnership,
composed of the undersigned and
of **                                        , and
doing business at **
and is authorized to make this proof of claim on behalf of the partnership.

[*If claimant is a corporation claiming through an authorized officer*] The undersigned, who resides at **

is the                 of

**FILED**

a corporation organized under the laws of
and doing business at **

**JAN 16 1978**

and is authorized to make this proof of claim on behalf of the corporation.

[*If claim is made by agent*] The undersigned, who resides at **
           , is the agent of

WILLIAM A. SCANLAND
Bankruptcy Judge
United States District Cou...

, of **                             , and is
authorized to make this proof of claim on behalf of the claimant.

2. The bankrupt was, at the time of the filing of the petition initiating this case, and still is indebted [*or liable*] to
this claimant, in the sum of $ *100.00 (ONE HUNDRED DOLLARS)*

3. The consideration for this debt [*or ground of liability*] is as follows:

4. [*If the claim is founded on writing*] The writing on which this claim is founded (or a duplicate thereof) is attached hereto [*or cannot be attached for the reason set forth in the statement attached hereto*].

5. [*If appropriate*] This claim is founded on an open account, which became [*or will become*] due on
          , as shown by the itemized statement attached hereto.
Unless it is attached hereto or its absence is explained in an attached statement, no note or other negotiable instrument
has been received for the account or any part of it.

6. No judgment has been rendered on the claim except

7. The amount of all payments on this claim has been credited and deducted for the purpose of making this proof
of claim.

8. This claim is not subject to any setoff or counterclaim except

9. No security interest is held for this claim except

[*If security interest in property of the debtor is claimed*] The undersigned claims the security interest under the writing
referred to in paragraph 4 hereof [*or under a separate writing which (or a duplicate of which) is attached hereto, or
under a separate writing which cannot be attached hereto for the reason set forth in the statement attached hereto*].
Evidence of perfection of such security interest is also attached hereto.

10. This claim is a general unsecured claim, except to the extent that the security interest, if any, described in
paragraph 9 is sufficient to satisfy the claim. [*If priority is claimed, state the amount and basis thereof.*]

11. This claim is filed as a (n)   (Unsecured)   CLAIM.        $ *100.00*
                          (Secured)                                     Total Amount Claimed
                          (Priority ✓)

*THIS WAS GIVEN AS A RESERVATION DEPOSIT*
*TO BE HELD IN TRUST*

Claim Number
(For Office Use Only)

Name of Creditor: *R.C. WHEELER AND DOROTHY L. WHEELER*
(Print or Type Full Name of Creditor)

Dated: *1-12-78*      Signed: *R.C. Wheeler*
                                  *Dorothy L. Wheeler*

*Penalty for Presenting Fraudulent Claim.* Fine of not more than $5,000 or imprisonment for not more than 5 years
or both—Title 18, U.S.C., § 152.

* Include all names used by bankrupt within last 6 years.
** State post office address.

# United States District Court

## FOR THE

### DISTRICT OF ARIZONA

In the matter of

*SUNGATE DEVELOPMENT CORPORATION*

In Bankruptcy

No. *B - 78-27-TUC*

**(Important—Insert name of bankrupt or debtor above)**

PROOF OF CLAIM IN BANKRUPTCY

*JOHN W. KEAYS*
*PATRICIA POTTER-KEAYS*, of No. *6226 No. 51st Pl.* Street
(Name of Person Signing Below)

in *PARADISE VALLEY*, County of *MARICOPA*, State of *ARIZONA* Zip Code *85253*, says:
  (City)

1. (a) IF CLAIMANT IS AN INDIVIDUAL, check here *✓* : That he is the claimant herein.
   (b) IF CLAIMANT IS A PARTNERSHIP, check here _____ and complete section (b).
       That he is a member of _____, a copartnership, composed
       (Partnership Name)
       of the undersigned, and _____, and
       of _____, State of _____, and carrying on
       (City)
       business at No. _____ Street, in _____
       State of _____
       (City)
   (c) IF CLAIMANT IS A CORPORATION, check here _____ and complete section (c).
       That the undersigned is the _____ of _____
       (Official Title)          (Corporate Name)
       a corporation organized under the laws of the State of _____, and
       carrying on business at No. _____ Street, in _____
       State of _____, and is duly authorized to make this proof of claim on
       (City)
       its behalf.
   (d) IF MADE BY AGENT OR ATTORNEY, check here _____ and complete section (d).
       That the undersigned is the agent or attorney of _____
       of No. _____ Street, in _____
       (Creditor)
       State of _____; that he is duly authorized by the creditor named
       (City)
       above to make this proof of claim in his behalf; that said proof cannot be made by
       the above-named creditor in person because _____

2. That the above-named bankrupt (or debtor) was, at the time of the filing of the peti-
   tion herein, and still is, justly and truly indebted (or liable) to the claimant in
   the sum of *FIFTEEN HUNDRED ($1500)* dollars

3. That the consideration of this debt (or liability) is as follows: *TWO CHECKS*
   *TOTALLING $1700 made payable to SUNGATE TRUST*
   *ACCOUNT TO BE HELD AS DEPOSIT ON UNFINISHED HOUSE.*

4. That no part of the debt (or liability) has been paid except *$200 REFUND BY*
   *TRADE WINDS SHUTTER CO., A SUB-CONTRACTOR/*
   *WHO HAD RECEIVED THIS MONEY FROM SUNGATE*
   *ON OUR ACCOUNT*

5. That there are no set-offs or counterclaims to the debt (or liability) except *NONE*

6. That claimant does not hold, and has not had or received, any security for the debt
   (or liability), nor has any person by the claimant's order or knowledge or belief
   had or received any security for the debt (or liability) for the claimant's use except
   _____ *NONE* _____

7. [If the debt or liability is founded upon an instrument of writing.] That the instru-
   ment upon which the debt (or liability) is founded is attached hereto (or lost or
   destroyed, as set forth in the affidavit attached herein).
   [If the debt is founded upon an open account.] That the said debt was (or will become)
   due on *NOT APPLICABLE* or that the average date thereof is _____;
   that no note, or other negotiable instrument, has been received for such account
   or any part thereof (or that the said debt is evidenced by a note, or other negoti-
   able instrument, which is attached hereto); and that no judgment has been rendered
   thereon, except _____

FILED
8:00 am
FEB 17 1978

WILLIAM A. SCANLAND
Bankruptcy Judge
United States District Court
for the District of Arizona

9. This claim is filed as an ~~(SECURED)~~ (UNSECURED) CLAIM.
   ~~(PRIORITY)~~
   $ *1500⁰⁰*
   Total Amount Claimed

   Dated at *PARADISE VALLEY AZ*, this *16* day of *FEBRUARY*, 19 *78*
   Signed *John W Keays    Patricia Potter-Keays*
   (Name of individual, agent, officer, or partner signing this claim)

**NOTE:** Failure to complete all necessary parts of this form may result in disallowance.
**PENALTY FOR PRESENTING FRAUDULENT CLAIM**—Fine of not more than $5,000 or imprisonment for not more
than five years or both—Title 18, U.S.C., Sec. 152.
**(When Signed Mail this Proof of Claim to Referee in Bankruptcy)**

12

# UNITED STATES DISTRICT COURT

### FOR THE _____ DISTRICT OF _____Arizona_____

In re

SUNGATE DEVELOPMENT CORP.

Emp. I. D. 86 0265928

Bankrupt
Include here all names used by bankrupt within last 6 years

Bankruptcy No. _____ B 78 27 TUC

F I L E D

JAN 30 1978

WILLIAM A. SCANLAND
Bankruptcy Judge
United States District Cou
For the District of

## PROOF OF CLAIM

1.(a) [*If claimant is an individual claiming for himself*] The undersigned, who is the claimant herein, resides at °_____.

(b) [*If claimant is a partnership claiming through a member*] The undersigned, who resides at °_____
is a member of_____, a partnership,
composed of the undersigned and_____
of °_____, and
doing business at °_____
and is authorized to make this proof of claim in behalf of the partnership.

(c) [*If claimant is a corporation claiming through an authorized officer*] The undersigned, who resides
at ° 2302 E. Speedway, Tucson, Arizona _____, is the
___President___ of _____ONLY COLLECTIONS, INC._____,
a corporation organized under the laws of_____Arizona_____
and doing business at ° _____2302 E. Speedway, Suite 114, Tucson, AZ_____,
and is authorized to make this proof of claim on behalf of the corporation.

(d) [*If claim is made by agent*] The undersigned, who resides at °_____
_____, is the agent of_____
_____, of °_____, and is
authorized to make this proof of claim on behalf of the claimant.

2. The bankrupt was, at the time of the filing of the petition initiating this case, and still is indebted
[*or liable*] to this claimant, in the sum of $___8350.62___.

3. The consideration for this debt [*or ground of liability*] is as follows: ~~Silverbell Nursery in~~
the amount of $604.75, American Fence Co. $1456.25; Preston Insulation for
~~$5983.72 and   AAA Lock and Key  $305.90.~~                           accounts assigned by

4. [*If the claim is founded on writing*] The writing on which this claim is founded (or a duplicate
thereof) is attached hereto [*or cannot be attached for the reason set forth in the statement attached hereto*].

5. [*If appropriate*] This claim is founded on an open account, which became [*or will become*] due
on_____, as shown by the itemized statement attached hereto.
Unless it is attached hereto or its absence is explained in an attached statement, no note or other nego-
tiable instrument has been received for the account or any part of it.

6. No judgment has been rendered on the claim except_____none_____

7. The amount of all payments on this claim has been credited and deducted for the purpose of
making this proof of claim.

8. This claim is not subject to any setoff or counterclaim except_____none_____

9. No security interest is held for this claim except_____none_____

[*If security interest in property of the debtor is claimed*] The undersigned claims the security interest under
the writing referred to in paragraph 4 hereof [*or under a separate writing which* (or a duplicate of which)
is attached hereto, *or under a separate writing which cannot be attached hereto for the reason set forth in
the statement attached hereto*]. Evidence of perfection of such security interest is also attached hereto.

10. This claim is a general unsecured claim, except to the extent that the security interest, if any,
described in paragraph 9 is sufficient to satisfy the claim. [*If priority is claimed, state the amount and basis
thereof.*]_____

Dated: ___Jan. 18, 1978___

___Richard H. Ashburn, President___          Signed: _[signature]_
Print Name

*State post-office address.

©FORMS INC... 31 WEST MADISON STREET, PHOENIX, ARIZONA 85003 / (602) 253-6612 FORM 2015

23

Fe

# United States District Court

For the __UNITED STATES__ District of _____ARIZONA_____

BANKRUPTCY COURT

In re

Bankruptcy No. __B-78-27_____

Bankrupt *

## PROOF OF CLAIM

**FILED**

1. [If claimant is an individual claiming for himself] The undersigned, who is the claimant herein, resides at **

[If claimant is a partnership claiming through a member] The undersigned, who resides **FEB - 6 1978**

WILLIAM A. SCANLAND
Bankruptcy Judge partnership,
United States District Co
... the District of            , and

is a member of

composed of the undersigned and

of **                                                              , and

doing business at **

and is authorized to make this proof of claim on behalf of the partnership.

[If claimant is a corporation claiming through an authorized officer] The undersigned, who resides at **

is the    **Treasurer**                    of  Acme Hardware Co., Inc.

a corporation organized under the laws of  State Of California

and doing business at **   150 S. La Brea Ave. Los Angeles, Calif. 90036

and is authorized to make this proof of claim on behalf of the corporation.

[If claim is made by agent] The undersigned, who resides at **

, of **                                , is the agent of                                , and is

authorized to make this proof of claim on behalf of the claimant.

2. The bankrupt was, at the time of the filing of the petition initiating this case, and still is indebted [or liable] to this claimant, in the sum of $  108.00

3. The consideration for this debt [or ground of liability] is as follows:  Hardware Purchased- see inv. # 23572 Attached.

4. [If the claim is founded on writing] The writing on which this claim is founded (or a duplicate thereof) is attached hereto [or cannot be attached for the reason set forth in the statement attached hereto].

5. [If appropriate] This claim is founded on an open account, which became [or will become] due on

**September 10, 1977**                     , as shown by the itemized statement attached hereto.

Unless it is attached hereto or its absence is explained in an attached statement, no note or other negotiable instrument has been received for the account or any part of it.

6. No judgment has been rendered on the claim except

7. The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8. This claim is not subject to any setoff or counterclaim except

9. No security interest is held for this claim except

[If security interest in property of the debtor is claimed] The undersigned claims the security interest under the writing referred to in paragraph 4 hereof [or under a separate writing which (or a duplicate of which) is attached hereto, or under a separate writing which cannot be attached hereto for the reason set forth in the statement attached hereto]. Evidence of perfection of such security interest is also attached hereto.

10. This claim is a general unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim. [If priority is claimed, state the amount and basis thereof.]

11. This claim is filed as a(n)  (Unsecured)
(Secured  )  CLAIM.
(Priority )

$  108.00
Total Amount Claimed

Claim Number
(For Office Use Only)

Name of Creditor: ____Acme Hardware Co., Inc._____
(Print or Type Full Name of Creditor)

Dated:  1-23-78     Signed: X                                        **Treasurer**

*Penalty for Presenting Fraudulent Claim.* Fine of not more than $5,000 or imprisonment for not more than 5 years or both—Title 18, U.S.C., § 152.

* Include all names used by bankrupt within last 6 years.
** State post office address.

35

# United States District Court

For the _____ District of _____

In re

)

Bankruptcy No. _B-78-27_

Bankrupt *

_Sungate Development_

## PROOF OF CLAIM

1. [*If claimant is an individual claiming for himself*] The undersigned, who is the claimant herein, resides at **
   _3619 E Bellevue Tucson Az 85716_

   [*If claimant is a partnership claiming through a member*] The undersigned, who resides at **
   , a partnership,

is a member of

composed of the undersigned and

of **                                                                              , and

doing business at **

and is authorized to make this proof of claim on behalf of the partnership.

   [*If claimant is a corporation claiming through an authorized officer*] The undersigned, who resides at **

is the                              of

a corporation organized under the laws of

and doing business at **

and is authorized to make this proof of claim on behalf of the corporation.

   [*If claim is made by agent*] The undersigned, who resides at **
   , is the agent of

, of **                                                                              , and is

authorized to make this proof of claim on behalf of the claimant.

2. The bankrupt was, at the time of the filing of the petition initiating this case, and still is indebted [*or liable*] to this claimant, in the sum of $ _9.00_

3. The consideration for this debt [*or ground of liability*] is as follows: _Gas Receipts_

4. [*If the claim is founded on writing*] The writing on which this claim is founded (or a duplicate thereof) is attached hereto [*or cannot be attached for the reason set forth in the statement attached hereto*].

5. [*If appropriate*] This claim is founded on an open account, which became [*or will become*] due on
   , as shown by the itemized statement attached hereto. Unless it is attached hereto or its absence is explained in an attached statement, no note or other negotiable instrument has been received for the claim or any part of it.

6. No judgment has been rendered on the claim except

7. The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8. This claim is not subject to any setoff or counterclaim except

9. No security interest is held for this claim except

[*If security interest in property of the debtor is claimed*] The undersigned claims the security interest under the writing referred to in paragraph 4 hereof [*or under a separate writing which* (or a duplicate of which) *is attached hereto, or under a separate writing which cannot be attached hereto for the reason set forth in the statement attached hereto*]. Evidence of perfection of such security interest is also attached hereto.

10. This claim is a general unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim. [*If priority is claimed, state the amount and basis thereof.*]

11. This claim is filed as a (n) (Unsecured) (Secured) (Priority) CLAIM.   $ _9.00_
    Total Amount Claimed

Claim Number
(For Office Use Only)

Name of Creditor: _Wm L Goddard II_
(Print or Type Full Name of Creditor)

Dated: _2-1-78_   Signed: _Wm L Goddard II_

Penalty for Presenting Fraudulent Claim. Fine of not more than $5,000 or imprisonment for not more than 5 years or both—Title 18, U.S.C., § 152.

\* Include all names used by bankrupt within last 6 years.

\*\* State post office address.

FILED

FEB - 6 1978

WILLIAM A. SCANLAND
Bankruptcy Judge
United States District Court
For the District of Arizona

38

# United States District Court

FILED

FEB 3 10 12 AM '78

For the _____ District of _____

~~MIC JAY FRITZ~~
~~CHIEF CLERK~~
US BANKRUPTCY COURT

In re

*SUN GATE*
*DEVELOPMENT CORP.*

Bankruptcy No. *62-48-27-TUC*

BY _____
~~DEPUTY CLERK~~

Bankrupt *

## PROOF OF CLAIM

1. *[If claimant is an individual claiming for himself]* The undersigned, who is the claimant herein, resides at **

*[If claimant is a partnership claiming through a member]* The undersigned, who resides at **

is a member of _____ , a partnership,

composed of the undersigned and

of ** _____ , and

doing business at ** _____ ,

and is authorized to make this proof of claim on behalf of the partnership.

*[If claimant is a corporation claiming through an authorized officer]* The undersigned, who resides at **

is the *PRESIDENT* of *CIRCLE X CORPORATION* ,

a corporation organized under the laws of

and doing business at ** *1202 N. MAIN, TUCSON ARIZ* ,

and is authorized to make this proof of claim on behalf of the corporation.

*[If claim is made by agent]* The undersigned, who resides at **

, of ** _____ , is the agent of _____ , and is

authorized to make this proof of claim on behalf of the claimant.

2. The bankrupt was, at the time of the filing of the petition initiating this case, and still is indebted [*or* liable] to this claimant, in the sum of $ *552.14*

3. The consideration for this debt [*or* ground of liability] is as follows: *SIGN MATERIALS & LABOR*

4. *[If the claim is founded on writing]* The writing on which this claim is founded (or a duplicate thereof) is attached hereto [*or* cannot be attached for the reason set forth in the statement attached hereto].

5. *[If appropriate]* This claim is founded on an open account, which became [*or* will become] due on *6/10/77* , as shown by the itemized statement attached hereto. Unless it is attached hereto or its absence is explained in an attached statement, no note or other negotiable instrument has been received for the account or any part of it.

6. No judgment has been rendered on the claim except *NO*

7. The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8. This claim is not subject to any setoff or counterclaim except *NO*

9. No security interest is held for this claim except *NO*

*[If security interest in property of the debtor is claimed]* The undersigned claims the security interest under the writing referred to in paragraph 4 hereof [*or* under a separate writing which (or a duplicate of which) is attached hereto, *or* under a separate writing which cannot be attached hereto for the reason set forth in the statement attached hereto]. Evidence of perfection of such security interest is also attached hereto.

10. This claim is a general unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim. [*If priority is claimed, state the amount and basis thereof.*]

11. This claim is filed as a (n) (Unsecured) (Secured ) CLAIM. (Priority )

$ *552.14*
Total Amount Claimed

Claim Number
(For Office Use Only)

Name of Creditor: *THOMAS T. KAY*
(Print or Type Full Name of Creditor)

Dated: *2/9/78*    Signed: _____

*Penalty for Presenting Fraudulent Claim.* Fine of not more than $5,000 or imprisonment for not more than 5 years or both—Title 18, U.S.C., § 152.

\* Include all names used by bankrupt within last 6 years.

\*\* State post office address.

FPI·MI—3-14-75·500M-3494

*50*

# United States District Court

FILED

FEB 10  2 27 PM '78

For the _____ District of __ARIZONA__

U.S. BANKRUPTCY COURT

BY _____
DEPUTY CLERK

In re

**SUNGATE DEVELOPMENT CORPORATION,**

*Bankrupt* *

Bankruptcy No.  **B-78-27-TUC**

## PROOF OF CLAIM

1. [*If claimant is an individual claiming for himself*] The undersigned, who is the claimant herein, resides at **
   **1817 W. Dominy, Tucson, Arizona 85713**
   [*If claimant is a partnership claiming through a member*] The undersigned, who resides at **

is a member of _____, a partnership,

composed of the undersigned and

of ** _____ , and

doing business at **

and is authorized to make this proof of claim on behalf of the partnership.

   [*If claimant is a corporation claiming through an authorized officer*] The undersigned, who resides at **

is the _____ of

a corporation organized under the laws of

and doing business at **

and is authorized to make this proof of claim on behalf of the corporation.

   [*If claim is made by agent*] The undersigned, who resides at **

_____ , is the agent of

, of ** _____ , and is

authorized to make this proof of claim on behalf of the claimant.

2. The bankrupt was, at the time of the filing of the petition initiating this case, and still is indebted [*or liable*] to this claimant, in the sum of $ **500.00**

3. The consideration for this debt [*or ground of liability*] is as follows:
   **Earnest Money Deposit on purchase of home.**

4. [*If the claim is founded on writing*] The writing on which this claim is founded (or a duplicate thereof) is attached hereto [or cannot be attached for the reason set forth in the statement attached hereto].

5. [*If appropriate*] This claim is founded on an open account, which became [*or will become*] due on _____ , as shown by the itemized statement attached hereto.

Unless it is attached hereto or its absence is explained in an attached statement, no note or other negotiable instrument has been received for the account or any part of it.

6. No judgment has been rendered on the claim except

7. The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8. This claim is not subject to any setoff or counterclaim except

9. No security interest is held for this claim except **, (money held in trust account).**

[*If security interest in property of the debtor is claimed*] The undersigned claims the security interest under the writing referred to in paragraph 4 hereof [*or under a separate writing which (or a duplicate of which) is attached hereto, or under a separate writing which cannot be attached hereto for the reason set forth in the statement attached hereto*]. Evidence of perfection of such security interest is also attached hereto.

10. This claim is a general unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim. [*If priority is claimed, state the amount and basis thereof.*]

11. This claim is filed as a(n) ( ~~Secured~~ )
    ( ~~Unsecured~~ ) CLAIM.
    ( Priority )

    $ **500.00**
    Total Amount Claimed

Claim Number
(For Office Use Only)

Name of Creditor: **Richard and Hilda Blanco**
(Print or Type Full Name of Creditor)

Dated: _____

Signed: **Attorney for the Blancos**

*Penalty for Presenting Fraudulent Claim.* Fine of not more than $5,000 or imprisonment for not more than 5 years or both—Title 18, U.S.C., § 152.

* Include all names used by bankrupt within last 6 years.
** State post office address.