UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

In Re

SUNGATE DEVELOPMENT CORP

Debtor(s)

Chapter 7

Case No. 4:78-bk-00027-JMM

Adversary No.:

**MEMORANDUM OF LAW**

Pursuant to the hearing held before this court on October 26th, 2009, Dilks and Knopik LLC, by and through their attorney of record, and on behalf of its client, William Hart d/b/a Hart Signs, hereby submit this Memorandum of Law to address the issue of the Statute of Limitations regarding the distribution of unpaid dividends in a Chapter 7 case.

### Procedural Facts

On or about August 14th, 2009, Dilks and Knopik LLC on behalf of its client William Hart d/b/a Hart Signs (collectively the "Applicant") submitted to this court an application for payment of unclaimed funds.

On September 2nd, 2009, this court issued a Notice of Haring on Motion, the hearing to be held on September 21st, 2009, requesting that the Applicant appear before it regarding the payment of the subject unclaimed funds. At issue was the lack of evidence showing that the Applicant had a right to collect the unclaimed funds.

The hearing of September 21st, 2009 was not held, but instead continued at the Applicant's request to October 26th, 2009. At the hearing of October 26th, Applicant appeared through its counsel. This court did not question whether the Applicant had a right to collect the funds, as Applicant had submitted further evidence of his legal right to do so, but instead challenged the application based upon a running of the statute of limitations, an issue which Applicant was not aware was a problem. The court did provide the applicant's counsel an opportunity to submit argument with regard to this issue at the next scheduled hearing of December 8th, 2009.

## Authority

Pursuant to the relevant statutes and case law, an application for unpaid funds/dividends is never time barred, any application is timely and should be granted where the applicant proves his/her right to collect the unclaimed funds.

28 U.S.C § 2042 provides that
> "No money deposited under section 2041 of this title shall be withdrawn except by order of court. In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. **Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him.**"

Title 28 U.S.C. § 2042 is silent as to any statute of limitations, instead it provides [relevant section in bold above] that even after the funds are deposited to with U.S. Treasury that upon claim, notice to the U.S. Attorney, and proof of the right to the funds, a claimant may obtain an order for payment of the funds to him. The statute makes no qualification as to timeliness of such application.

In addition, § 2041 of the above title is clear that the statute shall not bar the application

IN PACTA PLLC
*LAWYERS*
801 2nd Ave Suite 307
SEATTLE WA 98104
PH 206.709.8281  Fx 206.860.0178

for unclaimed funds where the applicant provides adequate proof of his right thereto. This section states:

> "All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court. **This section shall not prevent the delivery of any such money to the rightful owners upon security, according to agreement of parties, under the direction of the court.**"

Title 28 U.S.C. § 2041. Congress, in its wisdom, did not see fit to limit the right of any rightful owner to recover funds that remain unclaimed without regard to time. Therefore, at least pursuant to the §2042 Mr. Hart's application is not untimely, and definitely not barred by any statute of limitations.

Furthermore, the Bankruptcy Code adopts Title 28 with regard to the distribution of unclaimed funds. Section 347(a) provides the procedure with regard to unclaimed property. It states:

> "Ninety days after the final distribution under section 726, 1226, or 1326 of this Title in a case under chapter 7, 12, or 13 of this title, as the case may be, the trustee shall stop payment on any check remaining unpaid, and **any remaining property of the estate shall be paid to the court and disposed of under chapter 129 of title 28.**"

Title 11 U.S.C. § 28. Again as with section 2041 this section of the bankruptcy code is silent as to a statute of limitations. Therefore, there is no applicable statute of limitations that would prevent this court from granting Mr. Hart's request.

After extensive research there were no cases specifically on point with regard to this issue in a Chapter 7 case. The underlying bankruptcy case is a Chapter 7 liquidation (Case No. 4-78-00027) in which the Applicant made a timely proof of claim, but did not receive the funds payable to him. All other cases that refer to any statute of limitations (or rules that act as a statute of limitations) are in reference to chapter 9, 11, and 13

*Memorandum of Law*        Page 3 of 4            **IN PACTA PLLC**
                                                    *LAWYERS*
                                           801 2nd Ave Suite 307
                                           SEATTLE WA 98104
                                           PH 206.709.8281  Fx 206.860.0178

where, pursuant to section 347(b), funds not claimed within 5 years is returned to debtor or his successor or assign. See, *TLI, Inc. v. Lynn (In re TLI, Inc.)*, 213 B.R. 946, 950 (N.D.Tex.1997), aff'd 159 F.3d 1355 (5th Cir.1998); *In re Entire Supply, Inc.*, 2008 WL 336316, at *2 (Bankr.N.D.Ohio); *In re Goldblatt Bros., Inc.*, 132 B.R. 736, 738 (Bankr.N.D.Ill.1991). This is not the case in a liquidation case under Chapter 7 as there is no plan and the debtor does not continue to have an interest in funds not claimed, monies payable to a creditor upon proper and timely proof of claim is payable without regard to any limitations. The Bankruptcy Code does not place a time bar, nor does the U.S. Code. The debtor has no interest in the funds recovered from a Chapter 7 liquidation, any such funds are rightfully the property of the creditor.

## Conclusion

Based upon the above, as there is no applicable statute of limitations with regard to unclaimed funds in a Chapter 7 case, it is respectfully requested that this court grant the applicant's motion for payment of unclaimed funds.

Submitted this 3rd day of December 2009

In Pacta PLLC

_____
James Vasquez, WSBA #34514
Attorney for Dilks & Knopik LLC
Admitted Pro Hac Vice